LUCIAN J. GRECO, JR., ESQ.
Nevada State Bar No. 10600
JARED G. CHRISTENSEN, ESQ.
Nevada State Bar No. 11538
DELEELA M. WEINERMAN, ESQ.
Nevada State Bar No. 13985
BREMER WHYTE BROWN & O'MEARA LLP
1160 N. TOWN CENTER DRIVE
SUITE 250
LAS VEGAS, NV 89144
TELEPHONE: (702) 258-6665
FACSIMILE: (702) 258-6662
lgreco@bremerwhyte.com
jchristensen@bremerwhyte.com
dweinerman@bremerwhyte.com

Attorneys for Defendant,
JAMES RIVER INSURANCE COMPANY

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DARNISHA JOHNSON, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES RIVER INSURANCE COMPANY, an Illinois corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive, <br><br> Defendant. | Case No. 2:20-cv-00399-JCM-EJY <br><br> **JOINT DISCOVERY PLAN AND SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE 26-1(b)** <br><br> **SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff, Darnisha Johnson by and through her attorney of record, Eric Hinckley, Esq. of Lowe Law Group, and Defendant, James River Insurance Company by and through its attorneys of record, Lucian J. Greco, Jr, Esq., Jared G. Christensen, Esq. and Deleela M. Weinerman, Esq. of Bremer Whyte Brown and O'Meara, LLP, hereby submit their Joint Discovery Plan and Scheduling Order Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1(b). Deadlines that fall on a Saturday, Sunday or legal holiday have been scheduled for the next judicial day.

1256.416 4844-0069-8041.1

1. **Fed. R. Civ. P. 26(f) Meeting**: Pursuant to Fed. R. Civ. P. 26(f), counsel for the parties conferred by telephone to develop a proposed discovery plan on March 31, 2020. The conference was held by Eric Hinckley, Esq. of Lowe Law Group on behalf of Plaintiff, and Deleela M. Weinerman, Esq. of Bremer Whyte Brown & O'Meara LLP on behalf of Defendant.
2. **Pre-Discovery Disclosues**: Pursuant to Fed. R. Civ. P. 26(a)(1), the parties will make their pre-discovery disclosures, including any and all information required by Fed. R. Civ. P. 26(a)(1) on or before April 14, 2020.
3. **Areas of Discovery**: The parties agree that the area of discovery should include, but not be limited to all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.
4. **Discovery Plan**: The parties propose the following discovery plan:
    a. **Discovery Cut-Off Date [LR 26-1(b)(1)]**: The proposed last day of discovery shall be **November 30, 2020**, which is calculated as 240 days from the 26(f) conference. The parties request a longer perior to conduct discover in order to accommodate the extent of discovery that will be required. Plaintiff has allegedly incurred over $42,000.00 in past medical specials, and has alleged futured medical specials in excess of $1,438,000.00, and has further alleged a wage loss claim of $100,000.00. Due to the alleged future medical specials, the parties anticiapte an Indepenent Medical Examination, which due to the COVID-19 outbreak, the parties anticipate scheduling difficulties. Defendant anticipates obtaining Plaintiff's medical records, deposing treating physicains, and retaining experts, who will in turn likely be deposed by Plaintiffs. Therefore, the parties respectfully request additional time to conduct discovery in this matter as reflected herein.
    b. **Amendment of Pleadings and Adding of Parties [LR26-1(b)(2)]**: The parties shall have until **September 1, 2020**, to file any motions to

1256.416 4844-0069-8041.1

amend the pleadings or to add parties. This is 90 days before the proposed discovery cut-off date.

c. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts) [LR26-1(b)(3)]**: Disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2) and pursuant to LR 26-1(b)(3). The initial disclosure of experts and expert reports shall occur on **October 1, 2020**, which is 60 days before the proposed discovery cut-off date, and the disclosure of rebuttal experts and rebuttal expert reports shall occur on **November 2, 2020**, which is 30 days after the initial disclosure of experts.

d. **Interim Status Report [LR 26-3]**: The Interim Status Report is due on **October 1, 2020**, which is 60 days before the discovery cut-off.

e. **Dispositive Motions [LR 26-1(b)(4)]**: The parties shall have until **December 30, 2020** to file dispositive motions, which is 30 days after the proposed discovery cut-off date.

f. **Pre-Trial Order [LR 26-1(b)(5)]**: The joint pre-trial order shall be filed by **January 29, 2021**, which is 30 days after the date set for filing dispositive motions. If a dispositive motion is timely filed, this deadline is suspended until 30 days after a decision on the dispositive motion or further order of the Court.

g. **Trial Readiness**: This case should be ready for trial by May or June of 2021 and is expected to take approximately 7-10 days.

h. **Fed. R. Civ. P. 26(a)(3) Disclosures [LR 26-1(b)(6)]**: Unless otherwise directed by the Court, pretrial disclosures as set out in Fed. R. Civ. P. 26(a)(3) and any objections to them shall be included in the joint pre-trial order.

i. **Court Conferences**: If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court

1256.416  4844-0069-8041.1

before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

   j. **Extension or Modifications of the Discovery Plan and Scheduling Order**: LR 26-4 goverens modifications or extensions of the Discovery Plan and Scheduling Order. Any stipulation or motion to extend a deadline set forth in the discovery plan and scheduling order must be made not later than 21 days before the subject deadline.

   k. **Format of Discovery**: Pursuant to the eletronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at Fed. R. Civ. P. 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses.

5. **Alternative Dispute Resolution and Settlement [LR 26-1(b)(7)]**: The parties certify that they met and conferred about the possibility of using alternative dispute resolution processes, including mediation, arbitration, and if applicable, an early neutral evaluation.

6. **Alternative Forms of Case Disposition [LR 26-1(b)(8)]**: The parties certify that they considered consent to trial by a Magistrate Judge under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, and the use of the Short Trial Program (General Order 2013-01).

7. **Electronic Evidence [LR 26-1(b)(9)]**: The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties may present evidence in electronic format to jurors for the purposes of jury deliberations in compliance with the Court's electronic jury evidence display system.

4

8. **Review of Local Rule 26-1(b)**: The parties certify that they have read the text of Local Rule 26-1(b), effective as amended May 1, 2016.

Dated this 3rd day of April 2020

LOWE LAW GROUP

By: /s/ Eric Hinckley
Eric Hinckley, Esq.
Nevada Bar No. 12398
*Attorneys for Plaintiff,*
*Darnisha Johnson*

Dated this 3rd day of April 2020

BREMER WHYTE BROWN & O'MEARA, LLP

By: /s/ Deleela M. Weinerman
Lucian J. Greco, Jr, Esq.
Nevada Bar No. 10600
Jared G. Christensen, Esq.
Nevada Bar No. 11538
Deleela M. Weinerman, Esq.
Nevada Bar No. 13985
*Attorneys for Defendant,*
*James River Insurance Company*

**IT IS SO ORDERED**

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED: April 6, 2020

1256.416  4844-0069-8041.1